Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| ROGER COFFELT, JR., individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., THE PICTSWEET COMPANY, CRF FROZEN FOODS, LLC, AND DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:16-CV-01471 JGB (KKx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>First Amended Complaint filed: October 7, 2016<br><br>NOTE CHANGES MADE BY THE COURT |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Roger Coffelt, Jr. ("Plaintiff") and Defendants The Kroger Co. ("Kroger"), The Pictsweet Company ("Pictsweet") and CRF Frozen Foods, LLC ("CRF"), by and through their respective undersigned counsel of record, hereby submit this Stipulated Protective Order for the Court's approval and entry.

Statement of Good Cause: The parties seek entry of this Stipulated protective Order because discovery materials produced or information otherwise disclosed during the course of discovery in this action may contain private consumer and customer information, non-public competitive, pricing, trade secret and financial information, personnel information or other kinds of commercially sensitive and personal information that the producing party, based on a good faith belief is subject to confidentiality protection under relevant law, deems confidential. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

In order to reasonably preserve the confidentiality of such information the parties stipulate and agree as follows:

1. This Stipulated Protective Order shall apply to all materials, documents and information (including copies, excerpts and summaries of such materials, documents, and information) designated as "CONFIDENTIAL," "RESTRICTED"

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

or "ATTORNEY'S EYES ONLY" under Paragraph 2 below, and produced by any party or non-party during the course of this action, including materials, documents and information produced pursuant to Rules 26, 33, or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories and requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable law.  The parties further acknowledge that the terms of this Stipulated Protective Order do not apply to the Court or Court personnel, who are subject only to the Court's internal procedures regarding the handling of materials filed or lodged, including material filed or lodged under seal. Further, the parties acknowledge that any use of protected Discovery Materials at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of protected Discovery Materials at trial.

2.      Any information disclosed in discovery by a party or non-party may be designated as "CONFIDENTIAL," "RESTRICTED" or "ATTORNEY'S EYES ONLY" by any party or non-party in good faith. For the purposes of this Stipulated Protective Order, "CONFIDENTIAL" information shall mean information which constitutes, reflects or discloses confidential, competitively sensitive or proprietary information which the designating person wishes to maintain in confidence, including proprietary sales, marketing, licensing, operational or other proprietary information not otherwise publicly available. For purposes of this Stipulated Protective Order, "RESTRICTED" means the following types of documents and information: (1) non-public communications with regulators or other governmental

bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation; (2) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (3) trade secret information as defined under California Civil Code section 3426.1 or an applicable, equivalent statute from another state; (4) tax, medical or other personal information (including, without limitation, social security numbers) relating to any person or entity; (5) information, material and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; (6) information pertaining to a Defendant's customer that is not publicly available, including private consumer information that contains identifying, contact or private financial information; and (7) information relating to non-public administrative or regulatory proceedings. For purposes of this Stipulated Protective Order, "ATTORNEY'S EYES ONLY" means information pertaining to a Defendant's customer that is not publicly available, including private consumer information that contains identifying, contact or private financial information provided by a consumer to Defendant, or non-public information regarding such customer based upon that customer conducting business with said Defendant, including, for example, information pertaining to customers of Kroger's Ralph's card or other customer loyalty club/program. Any party may seek an amendment to the Protective Order to designate confidential documents and information in addition to the categories described in this Paragraph 2 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach an agreement on any request by a party to designate such additional categories of confidential documents or information. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it has been maintained in a confidential,

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  non-public manner, and that there is good cause why it should not be part of the

2  public record of this case.

3      3.      CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY

4  Discovery Materials shall not be disclosed by any means to any person or entity for

5  any other purpose whatsoever except the prosecution or defense of this case.

6      4.      CONFIDENTIAL Discovery Materials may only be disclosed to the

7  following persons:

8          a.      Attorneys of record or in-house counsel for the parties in this

9  action and the staff of their respective law firms or in-house legal departments

10 working on this case, including all partners and associate attorneys of such attorneys'

11 law firms or in-house counsels' legal departments and all clerks, employees,

12 independent contractors, investigators, paralegals, assistants, secretaries, staff and

13 stenographic, computer, audio-visual and clerical employees and agents thereof

14 when operating under the direct supervision of such partners or associate attorneys

15 and who are actually working on this action, all of whom shall be bound by this

16 Stipulated Protective Order;

17          b.      Experts or consultants for each side retained for the purpose of

18 assisting counsel in the prosecution or defense of this litigation or testifying at trial,

19 to the extent deemed necessary in good faith by the retaining counsel to enable a

20 consultant or expert to evaluate the proposed retention and/or provide such

21 assistance or testimony (plus such clerical personnel of each such consultant or

22 expert required to carry out duties assigned to them by each consultant or expert),

23 and provided that the expert, consultant or other personnel are not competitors of, or

24 are employed by competitors of, the party that owns the CONFIDENTIAL

25 Discovery Materials, and will not gain any competitive advantage by having access

26 to the CONFIDENTIAL Discovery Materials;

27          c.      Named parties, or officers, directors, partners and employees

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

**STIPULATED PROTECTIVE ORDER**

whom counsel in good faith believes are reasonably necessary to assist counsel in this case;

d.      Persons noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case, and provided that such persons are not competitors of, or employed by competitors of, the party that owns the CONFIDENTIAL Discovery Materials, and will not gain any competitive advantage by having access to the CONFIDENTIAL Discovery Materials;

e.      The Court and Court personnel to whom disclosure is reasonably necessary for this litigation;

f.      Stenographic reporters  and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

g.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action;

h.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

i.      Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

j.      Any person who created, authored or received the particular information sought to be disclosed to that person.

5.      RESTRICTED Discovery Material may only be disclosed to the following persons:

a.      Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case, including all partners and associate attorneys of such attorneys'

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

law firms or in house counsels' legal departments and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Stipulated Protective Order;

b. Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert), and provided that the expert, consultant or other personnel are not competitors of, or employed by competitors of, the party that owns the RESTRICTED Discovery Materials, and will not gain any competitive advantage by having access to the RESTRICTED Discovery Materials;

c. The Court and Court personnel to whom disclosure is reasonably necessary for this litigation;

d. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action;

e. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

f. Stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case; and

g. Any person who created, authored or previously received the particular RESTRICTED information sought to be disclosed.

L0404183-1 SED-0872 10464107.5

Except as permitted above, RESTRICTED Discovery Materials shall not be furnished, shown or disclosed to the parties. But such materials may be used to examine any author(s) or recipient(s) of the document, employees of the designating party, or expert witnesses for the designating party who have been provided the RESTRICTED Discovery Materials.

6. ATTORNEY'S EYES ONLY Discovery Material: In the case of personalized loyalty card information, including names, addresses, telephone numbers, other contact information, credit card numbers and other identifying information, or shopping choices identifiable to any such personal information, shall only be disclosed to the class administrator, and only for good cause. "Anonymized" loyalty card data, showing purchases but not who the purchasers were or their contact or personal information, shall be deemed "RESTRICTED". With respect to all other ATTORNEY'S EYES ONLY information, same may only be disclosed to the following persons,:

a. Attorneys of record or for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case, including all partners and associate attorneys of such attorneys' law firms or in house counsels' legal departments and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Stipulated Protective Order.;

b. The Court and Court personnel to whom disclosure is reasonably necessary for this litigation; and

c. Any person who created, authored or previously received the particular ATTORNEY'S EYES ONLY information sought to be disclosed.

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

7.      Nothing in this Stipulated Protective Order shall prohibit disclosure of CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY Discovery Material in response to compulsory process or the process of any governmental regulatory agency.  If any person subject to this Stipulated Protective Order, including a person subject to a Confidentiality Agreement under this Stipulated Protective Order, is served with such process or receives notice of any subpoena or other discovery request seeking CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY  Discovery Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose protected material may be affected, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

8.      Before disclosing CONFIDENTIAL Discovery Materials to persons within the categories in Paragraphs 4(b), (d), (g), (i) and (j) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulated Protective Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by its provisions.  By signing this Stipulated Protective Order, counsel shall bind the parties whom they represent.  Counsel for the party seeking to disclose CONFIDENTIAL Discovery Materials to any person pursuant to Paragraphs 4(b), (d), (g), (i) and (j) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of the Protective Order.

9.      Before disclosing RESTRICTED Discovery Materials to persons within the categories in Paragraphs 5(b), (d) and (g) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulated Protective Order and obtain written assurance in the form attached as Exhibit A that such

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

person will be bound by the provisions of the Protective Order. By signing this Stipulation, counsel shall bind the parties whom they represent. Counsel for the party seeking to disclose RESTRICTED Discovery Materials to any person pursuant to Paragraphs 5(b), (d) and (g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of the Protective Order.

10. Before disclosing ATTORNEY'S EYES ONLY Discovery Materials to persons within the categories in Paragraphs 6(a), above, and subject to the restrictions on personalized loyalty card information set out herein, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulation and accompanying Protective Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by the provisions of the Protective Order. By signing this Stipulation, counsel shall bind the parties whom they represent. Counsel for the party seeking to disclose ATTORNEY'S EYESONLY Discovery Materials to any person pursuant to Paragraphs 6(a), shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of the Protective Order.

11. All CONFIDENTIAL Discovery Materials shall be designated and stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to their production. All RESTRICTED Discovery Materials shall be designated and stamped "RESTRICTED – SUBJECT TO PROTECTIVE ORDER" prior to their production. All "ATTORNEY'S EYES ONLY" Discovery Materials shall be designated and stamped "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" prior to their production. In the event that a party inadvertently fails to designate any CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY Discovery Materials, the producing party may

L0404183-1 SED-0872 10464107.5

thereafter make such a designation by notifying the receiving party in writing, and the initial failure to so mark material shall not be deemed a waiver of its confidentiality.

12.    In connection with the taking of any deposition in this action:

a.    The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of the Protective Order in this action upon the officer reporting the deposition.  Such officer shall acknowledge service of a copy of the Protective Order in the action, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of the Order, and shall make no use or disclosure of CONFIDENTIAL or RESTRICTED Discovery Materials unless expressly permitted by the terms of the Protective Order in this action, or by the express consent of all parties and any designating person who are or may become subject to the provisions of the Protective Order in this action. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney unless otherwise agreed by the disclosing entity.

b.    Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate any specific portion of the deposition transcript along with the deposition exhibits, as CONFIDENTIAL or RESTRICTED Discovery Material.  If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

c.    Relating to deposition testimony, the witness or his counsel shall invoke the provisions of the Protective Order in this action by stating on the record during the deposition that specific testimony relating to or containing CONFIDENTIAL or RESTRICTED information given at the deposition is designated CONFIDENTIAL or RESTRICTED.  No person shall attend those

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

portions of the depositions designated CONFIDENTIAL or RESTRICTED unless such person is an authorized recipient of CONFIDENTIAL or RESTRICTED information under the terms of this Protective Order, or in the event the parties have agreed to use CONFIDENTIAL or RESTRICTED Discovery Material to examine a non-party witness who has refused to sign the form specified in Paragraph 9 or 10, above, whichever is applicable. Any court reporter who transcribes CONFIDENTIAL or RESTRICTED testimony in this action at a deposition shall agree, before transcribing any such testimony, that all CONFIDENTIAL or RESTRICTED testimony is and shall remain as such and shall not be disclosed except as provided in this Stipulation Protective Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "RESTRICTED – SUBJECT TO PROTECTIVE ORDER," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

d. Counsel for the person being deposed shall, within thirty days after the transcript has been received by such counsel, be permitted to designate any portions of the transcript which contain testimony concerning CONFIDENTIAL or RESTRICTED Discovery Materials and not so designated during deposition testimony, which portions after such designation shall be treated as CONFIDENTIAL or RESTRICTED Discovery Materials. In the event a party discloses information later designated CONFIDENTIAL or RESTRICTED to an entity or person not listed in Paragraphs 4 or 5, as applicable, that party will have those documents returned to the party and take all reasonable and appropriate steps to ensure that the material does not become publicly available.

13. When a party to this Stipulation designates the testimony (including

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    proposed testimony) of a person being deposed as CONFIDENTIAL or

2    RESTRICTED Discovery Material, and objection is made to such designation, such

3    testimony shall not be withheld because such objection has been made to the

4    CONFIDENTIAL or RESTRICTED designation. Such testimony shall be treated as

5    CONFIDENTIAL or RESTRICTED Discovery Material, as designated, until a

6    stipulation or order on motion that it should not be so treated.

7         14.     A privilege or protection is not waived by disclosure connected with the

8    litigation pending before the court. If a party inadvertently produces information

9    that it later discovers, or in good faith later asserts, to be privileged or otherwise

10   protected from disclosure, the producing party must immediately notify all parties in

11   writing of the inadvertent production and the basis for the privilege or other

12   protection from production, and request in writing the return or confirmed

13   destruction of the privileged or protected information. Within five days of receiving

14   such notification, and in compliance with the receiving parties' ethical obligations

15   under the law, all receiving parties who have not already reviewed such materials or

16   who have reviewed the materials but do not contest the applicability of the privilege

17   asserted must return or confirm destruction of all such materials, including copies

18   and/or summaries thereof. However, should a receiving party contest the

19   applicability of a privilege asserted with respect to an inadvertently produced

20   document which the receiving party has already reviewed, the receiving party may

21   temporarily retain the document or documents at issue for the sole purpose of

22   contesting the applicability of the privilege asserted. Within two (2) business days of

23   the issuance of a court order deeming the contested documents at issue privileged,

24   however, the receiving party must return or confirm destruction of all such materials,

25   including copies and/or summaries thereof.

26         15.     A Party that seeks to file under seal any CONFIDENTIAL,

27   RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials must comply

28

with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.  The parties stipulate that personalized loyalty card information identifying any customer's name, address, telephone number, contact information, credit card number, or shopping choices as identified to any particular person or his or her personal information, shall not be filed in or made part of the public record, at all, unless otherwise ordered by the Court.

16.    Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client and, in the course thereof, relying generally on the examination of CONFIDENTIAL, RESTRICTED and/or ATTORNEY'S EYES ONLY Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to paragraph 18 or 19 below. Plaintiff's Counsel are prohibited from disclosing CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY Discovery Materials pertaining to any other actual or potential plaintiff or any actual or purported class member with any other actual or potential plaintiff.

17.    Nothing in this Stipulated Protective Order shall restrict the use or disclosure by any party of its own CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY Discovery Materials.

18.    Except for persons identified in subparagraphs 4(a),(c),(e), (h) and 5(a),(c),(e), (g) and 6(a) above, no person authorized under the terms of this Order to receive access to CONFIDENTIAL, RESTRICTED and/or ATTORNEY'S EYES ONLY Discovery Materials shall be granted access to them until such person has read this Order and agrees in writing to be bound by it per the form attached hereto

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

as Exhibit A. Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

19.    All CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials produced in this litigation, whether by a party or nonparty, and whether pursuant to Federal Rule of Civil Procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

20.    The provisions of this Stipulated Protective Order shall continue to apply to all CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials and information after this action has been terminated. After final disposition of this action (which is defined as the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including  the time limits for filing any motions or applications for extension of time pursuant to applicable law), within 120 days of a written request by the designating party, the receiving parties, at their election, shall either return or destroy all CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials documents, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains protected material or other paper filed with the Court; alternatively, the parties and/or any

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   producing party may agree upon appropriate methods of destruction. Work product

2   and attorney-client privileged material is exempt from this provision. All counsel of

3   record shall make certification of compliance herewith and shall deliver the same to

4   counsel for the party who produced or designated the documents not more than 150

5   days after final termination of this action.  With the exception of personalized loyalty

6   card information, the producing party agrees to make CONFIDENTIAL,

7   RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials available to

8   the opposing counsel if requested for the purpose of establishing a claim or defense

9   on behalf of the counsel in a controversy between counsel and the party, to establish

10  a defense to a criminal charge or civil claim against counsel based upon conduct in

11  which the party was involved, to respond to allegations in any proceeding

12  concerning the counsels representation of the party, or pursuant to court order.

13      21.     Counsel may at any time request the producing party to eliminate the

14  CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY designation of

15  any discovery materials.. The challenging party shall initiate the dispute resolution

16  process pursuant to Local Rule 37-1 *et seq*.  The parties must comply with the

17  procedures outlined in Local Rules 37-1 and 37-2, including the preparation of a

18  Joint Stipulation outlining the dispute.  The burden of persuasion in any such

19  challenge proceeding shall be on the designating party.  Frivolous challenges, and

20  those made for an improper purpose (e.g., to harass or impose unnecessary expenses

21  and burdens on other parties) may expose the challenging party to sanctions. Unless

22  the designating party has waived or withdrawn the confidentiality designation, all

23  parties shall continue to afford the material in question the level of protection to

24  which it is entitled under the Producing Party's designation until the Court rules on

25  the challenge.  The parties stipulate that personalized loyalty card information is and

26  shall remain ATTORNEY'S EYES ONLY, to be produced to the class administrator

27  only, if at all, and not to become part of the public record.

28

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

22.     With the exception of personalized loyalty card information, this Order may be modified by the Court upon stipulation of the Parties or on the motion of any party. This Order shall remain in effect after the termination of this litigation by final judgment, dismissal or otherwise.

23.     Subject to the above as to personalized loyalty card information, nothing contained in this Order, nor any action taken in compliance with it, shall:

a.     Operate as an admission by any party that any particular document or information is, or is not, confidential;

b.     Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action;

c.     Prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY Discovery Materials documents and information sought.

24.     This Stipulated Protective Order is intended to provide a mechanism for the handling of CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate.  Subject to the above as to personalized loyalty card information, any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

25.     Non-parties who are required to produce confidential information in response to a subpoena in this action, and who in good faith believe that such material contains confidential information, may rely on this Stipulated Protective

Order and apply it to their production in this action.

26.    Independent experts and consultants authorized to view information or documents designated as CONFIDENTIAL or RESTRICTED under the terms of the Stipulated Protective Order may retain custody of such copies as are necessary for their participation in this litigation.  Other appropriate recipients receiving CONFIDENTIAL or RESTRICTED Discovery Materials from counsel shall not retain copies of such materials but shall instead, return such materials to counsel who disclosed the CONFIDENTIAL or RESTRICTED Discovery Materials to the recipient within a reasonable period of time after counsel has determined in good faith that the recipient's assistance in the litigation is no longer needed.  The parties and any other person obtaining access to CONFIDENTIAL Discovery Materials pursuant to the Protective Order in this action agree that the Court shall retain jurisdiction following judgment or dismissal to enforce the terns hereof.

27.    The attorneys of record are responsible for employing reasonable measures to control the duplication of, access to, and distribution of copies of CONFIDENTIAL, RESTRICTED and ATTORNEY'S EYES ONLY Discovery Materials.  Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control the dissemination or revelation of confidential information.

28.    If some of the same information or materials that have been designated as CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY under the terms of this Order are found in a publicly available forum without violating the Order in this action, then such information or materials shall no longer be subject to the restrictions of the Stipulated Protective Order in this action.

29.    Nothing in this Stipulated Protective Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

action.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: April <u>13</u>, 2018

**LAW OFFICES OF CLAYEO C. ARNOLD APLC**

By:  <u>/s/ Joshua H. Watson</u>
     Clayeo C. Arnold
     Joshua H. Watson
     Attorneys for Plaintiff

Dated: April <u>13</u>  2018

**MORGAN AND MORGAN**

By:  <u>/s/ John A. Yanchunis</u>
     John A. Yanchunis
     Marcio W. Valladares
     Attorneys for Plaintiff

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

1   Dated:  April 13, 2018          **BRYAN CAVE LEIGHTON PAISNER**
2                                    **LLP**

3                                    By:  __/s/ Robert E. Boone III_____
4                                          Robert E. Boone III
                                           Attorneys for Defendant
5                                          THE PICTSWEET COMPANY

6
7   Dated:  April 13, 2018          **GORDON & HOLMES**

8                                    By:  __/s/ Frederic L. Gordon_____
9                                          Frederic L. Gordon
                                           Attorneys for Defendant
10                                         THE PICTSWEET COMPANY

11  Dated:  April 13, 2018          **WESIERSKI & SUREK LLP**
12
13                                   By:  __/s/ Paul J. Lipman_____
                                           Paul J. Lipman
14                                         Debbie Yen
                                           Attorneys for Defendant
15                                         THE KROGER CO.
16

17
    Dated:  April 13, 2018          **FAEGRE BAKER DANIELS LLP**
18
19                                   __/s/ Alyssa Rubensdorf_____
                                     By:  (admitted Pro Hac Vice)_____
20                                         Sarah L. Brew
                                           Tarifa B. Laddon
21                                         Howard D. Ruddell
                                           Attorneys for Defendant
22                                         CRF FROZEN FOODS, LLC
23

24          Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer, Robert E. Boone III, attests that all

25  other signatories listed, and on whose behalf the filing is submitted, concur in the

26  filing's content and have authorized the filing.

27  ///

28
    L0404183-1 SED-0872 10464107.5

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 4/16/18

_____

Hon. Kenly Kiya Kato
United States Magistrate Judge

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

L0404183-1 SED-0872 10464107.5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

EXHIBIT A

1.    I, _____, of _____,

declare under penalty of perjury under the laws of the United States of America, that

I have read the Protective Order entered in <u>Coffelt v. The Kroger Co., et al.</u> Case No.

5:16-cv-01471, and agree to be bound by its terms with respect to any documents,

material, or information designated or marked "CONFIDENTIAL,"

"RESTRICTED" or "ATTORNEY'S EYES ONLY" that are furnished to me.

2.    I agree: (i) not to disclose to anyone any CONFIDENTIAL,

RESTRICTED or ATTORNEY'S EYES ONLY Discovery Materials other than as

permitted by the Protective Order and (ii) not to make copies of any documents,

materials, or information marked CONFIDENTIAL, RESTRICTED or

ATTORNEY'S EYES ONLY furnished to me except as permitted by the Protective

Order.

3.    I agree to return all documents or materials designated as

CONFIDENTIAL, RESTRICTED or ATTORNEY'S EYES ONLY to the attorney

who presented this Acknowledgement to me within 60 days after the conclusion of

this litigation, whether by dismissal, final judgment, or settlement.

4.    I consent to venue and jurisdiction in the United States District Court

for the Central District of California with regard to any proceedings to enforce the

terms of the Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ of

_____ as my California agent for service of process in

connection with this action or any proceedings relate to enforcement of this

Stipulated Protective Order.

///

///

///

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____